UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY VALEK,
    Plaintiff,

-vs.-                                  **DEMAND FOR JURY TRIAL**

CREDIT BUREAU COLLECTION SERVICES, INC.
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Nancy Valek through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Credit Bureau Collection Services, Inc. which is an Ohio company that maintains registered offices in Ingham County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Ingham County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Sparrow Health System in the amount of $96.00.

7. In a previous lawsuit, Plaintiff sued Defendant for violating the cease and desist letter. That case settled.

8. On or about July 18, 2012, Plaintiff, through Michigan Consumer Credit Lawyers, sent Defendant a cease and desist letter. This letter asked Defendant to cease and desist from contacting Plaintiff in relation to a Sparrow Regional Laboratories debt that they were collecting on at that time, as well as all other alleged debts that they claimed Plaintiff owed.

9. On or about June 20, 2013, Defendant sent Plaintiff a letter attempting to collect on a Sparrow Health System debt in the amount of $96.00, which is a violation of the cease and desist letter.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.

11. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

14. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq, including:

    a. 15 U.S.C. §1692b(6) by communicating directly with the Plaintiff when the Defendant knew that the Plaintiff was represented by counsel; and

    b. 15 U.S.C. §1692c by communicating with the Plaintiff after Plaintiff directly instructed the Defendant, in writing, to cease all communication with her.

15. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

18. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

20. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

21. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

c. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

23. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

25. Plaintiff has suffered damages as a result of these violations of the MCPA.

26. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted,

July 18, 2013
          /s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com